STATE v. PEARCE. (7 Div. 472.)

(Court of Appeals of Alabama. April 10, 1917.)

AUCTIONS AND AUCTIONEERS ⬦⟿4—LICENSES —LIABILITY.

Since Acts 1915, p. 490, § 1, subsec. 2, imposes a license tax on auctioneers only when doing business in cities and towns, a person conducting a public outcry outside any city or town is not liable for the tax.

[Ed. Note.—For other cases, see Auctions and Auctioneers, Cent. Dig. §§ 2–8.]

Appeal from Circuit Court, Calhoun County; Hugh D. Merrill, Judge.

Suit by the State against Junius J. Pearce.

Judgment for defendant, and the State appeals. Affirmed.

W. L. Martin, Atty. Gen., and L. E. Brown, Asst. Atty. Gen., for the State. Hill, Hill, Whiting & Stern, of Montgomery, for appellee.

BRICKEN, J. This is a civil suit instituted to recover of defendant (appellee) the license provided by the license act approved September 14, 1915 (Acts 1915, p. 490, § 1, subsec. 2). The case was submitted on an agreed statement of facts, and judgment was rendered for the defendant, from which judgment the state appeals. The agreed statement of facts is as follows:

"It is agreed that this cause shall be submitted for judgment without a jury upon the following agreed statement of facts, viz.: The defendant is a member of Ray & Pearce, real estate dealers, in the city of Montgomery, Ala.; that he under employment by the National Developing Company offered to sell at public outcry in Calhoun county, Ala., outside of any incorporated city or town, and did sell, certain lots of real estate located in Calhoun county, outside of any city or town, on the 7th day of December, 1916, without having taken out and paid for any license in said county, as an auctioneer; that his firm has a license as real estate dealers, issued by the probate judge of Montgomery county, Ala.; that he has taken out no license of any kind in Calhoun county, Ala."

There is but one proposition involved in this appeal, and that is: Was the defendant liable for the license required of auctioneers under Acts 1915, p. 490, § 1, subsec. 2, which provides:

"2. Auctioneers in any town or city of twenty thousand inhabitants or more, fifty dollars; in towns or cities of eight thousand inhabitants and less than twenty thousand, thirty dollars; cities of five thousand inhabitants and less than eight thousand, twenty dollars; in cities or towns of more than one thousand and less than five thousand, five dollars. The term 'auctioneer' within the meaning of the foregoing provisions shall be deemed to apply to any person selling goods, wares, merchandise or live stock or other things of value at public outcry, except as herein otherwise provided, whether a charge is made for the same or not"

—making certain exceptions not necessary to refer to here.

It affirmatively appears from the agreed statement of facts that the acts upon the part of the defendant complained of, and for which it is contended he was liable for license under Acts 1915, p. 490, § 1, subsec. 2, were committed in a place not comprehended in or covered by said act, as they were committed "outside of any city or town," and therefore were not covered by the provisions of said act. It follows that the lower court properly rendered judgment for the defendant, and that there was no error in the action of the court in this connection.

The judgment of the lower court is affirmed.

Affirmed.

---

⬦⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes